Our first case today is Jesus Atilano v. Secretary of Veterans Affairs, 2024-11-72. Mr. Raven. Good morning. May it please the Court. Under the Equal Access to Justice Act, or EJA, a prevailing party is entitled to recover reasonable attorney fees and expenses unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. The questions presented by this appeal are, is the novelty of the legal issue a factor which the Court may consider when weighing whether the government's position was substantially justified? That's the question. You have to look into the facts. And isn't that beyond us? I'm sorry, Your Honor? Isn't that beyond us, looking into the facts to determine substantial justification? Your Honor, actually, the question of whether or not the position was substantially justified is a factual question. The legal question is whether or not these are factors which should be considered to test the standard of review for substantial justification. And the legal, stated differently, It's your view that it should never be taken into consideration whether something was a novel issue that was not previously decided by a court. It's our position that, I want to explain a little differently, it's our position that when the interpretation or the position of the government is found to be, or contrary to meaning of the statute, or it's found to be unreasonable, then the factor of the novelty of the issue shouldn't be considered. It's not for application. Once there's a determination, a holding, or conclusion that the interpretation is contrary to plain meaning, then whether or not the issue was novel is not really... What? That's very complicated. To be honest with you, that sounds like application of law of fact, right? And you're getting so in detail into the preciseness of the issue that it becomes application of law of fact. I would argue instead that when you look at the interpretation or the position of the government, and there's a conclusion that is contrary to plain meaning, once that conclusion is reached, then when weighing whether or not position is substantially justified, it's not novel. The issue of whether or not that interpretation is novel, or it's a novel issue, really isn't a factor. You're asking us to set a legal standard for what may be considered with an application for attorney's fees. With respect to novelty, I think you just suggested this at the start of your remarks, novelty can never be considered. You want us to set down the legal standard that says in reviewing substantial justification, you may never consider the novelty of the legal issue. I would ask for that, yes. I would ask that to be a conclusion, is that when you're considering whether or not the government's position is substantially justified, whether or not there's a reasonable basis in law or fact should not take into account whether or not the issue is novel. Now I'm not sure if that, I didn't understand that to be your position from the briefing. I thought your position was tell the veterans court it cannot always per se treat novelty as favoring substantial justification, which seems different than saying tell them they can never consider it. And yes, I did brief it that way, and you're correct. When considered, some of the factors as I briefed, when considered in this fashion, it creates a per se rule that the novelty of the issue always comes out to find that the government's position was substantially justified. And if you, the only, there are exceptions to that. For example, I think in this court ruled in Patrick that when the interpretation of a statute is contrary to the plain meaning, or is unreasonable, then whether or not the issue is novel is not going to be a favor, a factor favorable to whether or not the government's position was substantially justified. It seems to me the veterans court here recognized what we said in Patrick. I don't think I cited Patrick, but on appendix six, the veterans court wrote even on a disputed issue of first impression, an issue of first impression would be a novel one, right? Right? That means novel, an issue of first impression. I'm sorry. At the top of page six. Sure. After all, even on a disputed issue of first impression, the law may clearly indicate the proper resolution of the dispute. That seems to me to be the veterans court recognizing novelty does not always per se favor substantial justification. I know that they've said that, but the way that I'm not saying it's, I don't think novelty should ever be considered as a factor for substantial justification, but the way that it's considered, it's becoming a per se rule that if something's novel, the government's position is always substantially justified. It's difficult for me to agree with what you just said, because when I look at the opinion, it does have language that suggests to me that the court did not consider novelty to be the end of the analysis or even a per se, you know, once it's satisfied, nothing else should be considered or, you know, including the sentence that Judge Start just read. So how do you respond to that? Because I don't, I'm having a hard time seeing a per se rule. The veterans court did consider factors other than novelty. And as briefed, what I said is that when you add these factors together, no matter what the case is, it will always lead to a finding that the government's position was substantially justified for any time that there's a novel issue. And I understand that the court has decided differently, like in Patrick, and the veterans court has recited that, but I just think that novelty should not be a factor for consideration as to whether or not there's a for the government's position. In Patrick, I had thought we also made clear that the substantial justification analysis requires an analysis of the totality of the circumstances. So how could we start excluding things like novelty if we've already decided you have to consider the totality of the circumstances? I would say that there are some factors that even though the court has taken the totality of the circumstances into consideration, for example, common practices. Common practices. Why should that be a factor for consideration as to whether or not the government's position was substantially justified? Just because some practice was common prior to a legal challenge doesn't mean that the position of the government was substantially justified because that's the way it always has been. Is that a question of weighing in a particular case? If you consider the totality of circumstances, you consider all these different factors, and then it's a question of weighing them by the finder of fact. Sure, absolutely. It's weighing certain factors, but the question is whether or not these factors will always lead to a finding that the government's position was substantially justified. And for example, when you get down to whether or not there's a judicial decision, the Veterans Court held that there was no judicial decision, which found that the Secretary's position was contrary to the plain language of the statute or was unreasonable. Can you look at the plain language of the statute and try to determine whether the government's position was plainly unreasonable? They did, but they reached a different result than this court. This court, in your decision, in the decision that was authored by this court, the court had a different take on finding that the statute did not unambiguously require or condition the right to a hearing on the attendance of the claimant or the veteran. And so when the Veterans Court, for example, looked at that factor, it said that there was no judicial decision which found that the government's position... Wouldn't such a ruling as whenever the court rules in favor of the veteran, that means that the government's position, you know, on a statutory interpretation as we did in the case you just referred to, wouldn't that then balance everything in the opposite direction and say the government's position could never be substantially justified? I would take that position that yes, when they whether or not a court has ever found that the secretary's position was contrary and that there's... It did not unambiguously require the attendance of a veteran claimant, that yes, that's a judicial decision that's in favor of the veteran. We can save the rest of your time. Yes, thank you. Mr. Kalman. Good morning, your honors. May it please the court. The Veterans Court below applied the correct legal standard in evaluating whether the government's position was substantially justified for purposes of the Equal Acts to Justice Act. The court below considered the totality of the and concluded that three factors were persuasive in its conclusion that the government's position was substantially justified. Now, a challenge to the Veterans Court's substantial justification determination nearly always falls outside of this court's jurisdiction and this case is no exception. This court lacks jurisdiction to consider the Veterans Court's application of EJA to the particular facts of this case. Now, Mr. Arlotto attempts to circumvent these jurisdictional hurdles by arguing that the Veterans Court's factor analysis constituted dispositive per se legal rules. And specifically, he takes issue with the Veterans Court's analysis of the novelty of the legal issue. But this court already concluded that the novelty of the legal issue was a factor that the Veterans Court can consider in a substantial justification analysis. In Norris v. SEC, this court noted that, quote, when the issue is a novel one on which there is little precedent, courts have been reluctant to find the government's position was not substantially justified. So, this court has already blessed novelty as a factor that the Veterans Court can consider in a substantial justification. Have you ever addressed whether the law permits the novelty factor to be considered as something that always weighs in favor of the government? Have we addressed that question? Not to my knowledge, Your Honor. And is that a question within our jurisdiction and implicated by this case? No, it's not, Your Honor, because that involves the application. Because the substantial justification test is a totality of the circumstances test, the Veterans Court below always has to look at the entire circumstances. So, it's always going to be applying the facts of the specific case to the... But I would have thought, and I know I asked you a compound question. Sure, sorry. If I break it down, wouldn't it be within our jurisdiction to make a determination as to whether novelty always favors substantial justification? Couldn't we say within our jurisdiction, yes, novelty always favors substantial justification, or no, you can't treat it as always per se favoring substantial justification? I think that the court's decision in... Patrick sort of answers this question. And there, the court held that it had jurisdiction to consider where the Veterans Court, despite acknowledging the totality of the circumstances standard, improperly focused on only one factor, and that was the fact that the court itself had previously upheld the government's erroneous interpretation of the statute at issue and didn't look at other factors. So, if it was truly a situation where one factor is dispositive of the case, that would be where this court would have, in theory, jurisdiction to review it. But that's not what's happening in this case because the court was looking at multiple factors. I've been confused about what the appellant is or what he wants us to decide, but there's whether or not a particular factor called novelty is dispositive, and you've just addressed that, and I think said whether it's dispositive or not is within our jurisdiction. But how about whether per se it always automatically favors the government is that question within our jurisdiction? It seems like a slightly different question than dispositiveness. Sure, Your Honor. I think that in a case... I think the question of whether novelty per se always favors the government may be a question within the court's jurisdiction, but I think the answer is that it does not always per se favor the government because especially... Can I ask you another question related to that? Sure. Do you think the court below held that it per se always favors the government? No. The court... That's actually where I was about to go. The court did not hold that. Rather, the court noted that novelty at Appendix 5 is, quote, one factor that weighs in favor, unquote, of finding that the VA's position was substantially justified, and then went on to page 6 to note that, quote, even on a disputed issue of First Depression, the law may clearly indicate the proper resolution of the dispute. Do you read that as saying one factor in this case that weighs in the government's favor as opposed to one factor in every case that weighs in the government's favor? I read that as saying that's one factor in this case that weighs in the government's favor because the court is properly looking at the totality of the circumstances applying the law to fact and finding that in this case, the novelty of the issue is just one factor that weighs in favor. I think that's important because novelty isn't necessarily just like it's novel or it's not. As the court sort of went on to look like, there can be varying degrees of whether there's judicial precedent on point, which the court analyzed. For example, there could be a decision from the Veterans Court, but not from this court. Right. And if there are no further questions, we respectfully request that the court dismiss for lack of jurisdiction. Thank you, counsel. Mr. Raven has some rebuttals on. I wanted to also bring up the fact that the court below used as a factor whether or not there's been any judicial decision which had found that the secretary at the government's position was found to be contrary to the plain language of the statute and whether or not the statute had ever been found, the secretary's position had ever been found to be unreasonable based on its statute. And as a factor for consideration, I think that one of the arguments that we would like to think that the court has jurisdiction over is whether or not the court's judicial decision in vacating and remanding was actually a judicial decision that the court has to take into consideration. The court down below, the Veterans Court, said that based on the mandate rule or the mandate doctrine, that they felt they didn't have an obligation to review under the Chevron Step 2 about whether or not if the statute was ambiguous or silent on the issue. That actually rebuttal? I was thinking it would be additional factors in rebuttal, Your Honor. Finish your thought. Oh, well, it was just that in terms of an additional factor in addition to that which we were arguing about for whether or not the novelty of the issue is a factor which the court should be able to consider. It's something that Mr. Atalano would like to bring to the court's attention. Mr. Atalano asked that the court vacate and remand the Veterans Court's decision. Thank you. Thank you to both counsel. The case is submitted.